**FILED**

June 07, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003546627

2

**J. RUSSELL CUNNINGHAM, State Bar #130578**
**J. LUKE HENDRIX, State Bar #271424**
**DAVID R. WIKSELL, State Bar #272490**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Proposed Attorneys for Kimberly Husted
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

In re:

DALE EDWIN WERNER, JR. and
SUSAN LENNON WERNER,

Debtors.

Case No. 11-24441-C-7
Chapter 7

DNL-2

Date: July 5, 2011
Time: 9:30 a.m.
Place: Courtroom 35
501 "I" Street, 6th Floor
Sacramento, CA 95814

## MOTION TO SELL ESTATE'S INTEREST IN CERTAIN SCHEDULED PROPERTY

KIMBERLY HUSTED ("Trustee") hereby moves for an order authorizing the sale of the estate's non-exempt interest in certain scheduled property described below as Subject Assets, subject to any and all liens and encumbrances existing as of the date of the transfer, back to DALE EDWIN WERNER, JR. and SUSAN LENNON WERNER (collectively "Debtors") for $9,019.00.

1. Debtors commenced the above-captioned bankruptcy case by filing of a voluntary Chapter 7 petition on February 23, 2011. Trustee is the duly appointed trustee for Debtors' estate.

2. Among the assets of the bankruptcy estate are Debtors' interest in the following property (hereinafter collectively "Subject Assets"), some of which has been claimed partially exempt: (a) coin collection and Department 59 collectibles with scheduled value of $155.00; (b) referral fee to Susan Werner from the sale of the property at 601-605 N. 23rd Street, Boise, Idaho with scheduled value of $1,425.00; (c) reserve fund held by the property manager of the rental

1

1  property at 229 E. Ada Court, Meridian, Idaho with scheduled value of $500; and (d) restricted stock

2  units from Dale Werner's employment with Intel.

3      3.     Subject to bankruptcy court approval, Trustee has entered into an agreement to sell

4  the estate's non-exempt interest in the Subject Assets, subject to any and all liens and encumbrances

5  existing as of the date of the transfer, back to Debtors for $9,019.00. The $9,019.00 is comprised

6  of $155.00 for Debtors' interest in the coin collection and Department 59 collectibles; $1,425.00 for

7  Debtors' interest in the referral fee to Susan Werner from the sale of the property at 601-605 N. 23rd

8  Street; $461.00 for Debtors' interest in the reserve fund held by property manager of the rental

9  property at 229 E. Ada Court, after deducting $39.00 claimed exemption; and $6,978.00 for Debtors'

10  interest in 563 shares of restricted stock units from Dale Werner's employment with Intel that vested

11  in April 2011.

12      4.     Pursuant to 11 U.S.C. § 363(b)(1), Trustee can sell, other than in the ordinary course

13  of business, property of the estate after notice and a hearing. Here, approving the sale is in the best

14  interests of the estate because the sale price approximates the scheduled value of the property and

15  the costs of selling the individual items would likely consume all of the non-exempt equity.

16      **WHEREFORE**, Trustee prays that the motion be granted and for such other and further

17  relief as is necessary and proper.

19  Dated: June 7, 2011          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

21          By: _____

22              **J. LUKE HENDRIX**
                Attorneys for Kimberly Husted,
                Chapter 7 Trustee

2